**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:03-CR-00176-TH** |
| **v.** § | |
| § | |
| § | |
| **SHAWN ATKINS** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 6, 2017, alleging that the Defendant, Shawn Atkins, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Shawn Atkins was sentenced on August 13, 1999, before The Honorable Richard J. Arcara of the Western District of New York after pleading guilty to the offense of Sending Threatening Communications Through the U.S. Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 18 and a criminal history category of III, was 33 to 41 months. Shawn Atkins was subsequently sentenced to 36 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to

include: submit to a search of his person, property, vehicle, and abode, conducted as determined by U.S. Probation; obtain and maintain employment; and drug aftercare.

## II. The Period of Supervision

On May 23, 2003, Shawn Atkins completed his period of imprisonment and began service of the supervision term. On August 25, 2003, jurisdiction of this case was transferred from the Western District of New York to the Eastern District of Texas. On January 27, 2009, this case was reassigned to Judge Thad Heartfield.

## III. The Petition

United States Probation filed a Petition for Warrant for Offender Under Supervision on July 22, 2003 in the Western District of New York, but a warrant was never executed. On February 9, 2009, United States Probation filed a Second Amended Petition for Warrant for Offender Under Supervision. Finally, on July 6, 2017, United States Probation filed a Third Amended Petition for Warrant for Offender Under Supervision and issued a warrant. The Third Amended Petition raises three allegations and alleges that Shawn Atkins violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The defendant shall not possess a firearm, as defined in 18 U.S.C. § 921.
>
> Allegation 3. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## IV. Proceedings

On July 26, 2017, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, the Defendant pleaded "true" to all three allegations. The Government agreed with the probation department's recommendation that the Defendant serve 24 months' imprisonment for violating his conditions of supervised release. The Defendant argued in response that he should be sentenced to time served for his violations because of the eight year delay in bringing forward his violations and his numerous convictions, including two life sentences.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class D felony, therefore, the maximum imprisonment sentence is 2 years.

According to Title 18 U.S.C. § 3583(g)(2), if a defendant possesses a firearm, as such term is defined in 18 U.S.C. § 921, in violation of Federal law, or otherwise violates a condition

of supervised release prohibiting the defendant from possessing a firearm, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by receiving three criminal convictions, the Defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to notify the probation office within 72 hours of his being arrested on July 11, 2003, and/or of possessing a firearm, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based upon a Grade A violation and a criminal history category of III, the policy statement imprisonment range is 18 to 24 months. For a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case, the most serious grade is A.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pleaded "true" to all of the petition's allegation. Based upon the Defendant's plea of "true" to the allegations of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated his conditions of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violations are a Grade A violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 18 to 24 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

However, further imprisonment does not appropriately address the Defendant's violation in this case because the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will not be served by an additional prison sentence on top of the multiple sentences, including two life sentences, he is already serving. The Defendant will be serving the rest of his life in state prison for his numerous convictions, so it is not worth the administrative expense of retaining the Defendant for his violations while on supervised release. Consequently, the Defendant should be sentenced to time served with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated all of the allegations in the petition. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of time served with no term of supervised release to follow.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of July, 2017.

_____
Zack Hawthorn
United States Magistrate Judge